In January, 1938 defendant, Peacock's, Inc., commenced the remodeling of its store in Shreveport, Louisiana; and in connection with this undertaking, it sold the previously used fixtures to the firm of Wolf Klar of Fort Worth, Texas, and arranged to acquire new equipment.
Bids on the cost of delivering the sold fixtures were sought and obtained by defendant's president from various common carriers, including plaintiff, the Loraine Transfer Company, Inc. The latter, which is engaged in interstate hauling under a permit from the Interstate Commerce Commission, proposed in writing on January 22, 1938, to effect the moving for $420, this price being computed in accordance with an individual tariff under which it then operated.
Plaintiff's bid was accepted; and on the night of March 19, 1938, the fixtures were removed from defendant's premises and their transportation to Fort Worth began.
In the meantime, definitely on February 18, 1938, plaintiff joined the Household Goods Carriers' Bureau and elected to operate under what is known as the Holman Tariff. This scheduled a rate for the hauling job under consideration of $640.10, or $220.10 in excess of the amount of plaintiff's accepted proposal. After the hauling was completed and payment of the quoted price had been made by Wolf Klar, plaintiff learned of the difference in the rates of the two tariffs; and on gaining this knowledge and pursuant to the advice of a representative of the Interstate Commerce Commission, it brought this suit to collect the alleged under-charge of $220.10.
Defendant resists the action on the ground that the additional amount claimed is unwarranted, and, further, for the reason that the obligation for the moving expense was solely that of Wolf 
Klar.
The district court rejected the demands of plaintiff and it appealed.
Even if it be conceded that defendant was a party to the hauling contract, and was responsible thereunder, the evidence does not clearly disclose that the Holman Tariff, the increased rate of which caused the difference herein claimed, was applicable to the shipment. The fixtures were removed from defendant's store, as above shown, on the night of March 19, 1938; and all were in transit to Fort Worth, Texas, the following day. The Holman Tariff, according to plaintiff's president and as shown by the document evidencing it, did not become effective until March 23, 1938, and, apparently, delivery at the destination had been completed previous thereto.
The judgment, therefore, is affirmed.